027·15  028·15  083·15

ORIGINAL

IN THE TEXAS COURT OF
CRIMINAL APPEALS PETITION
FOR DISCRETIONARY REVIEW
NO: _____
( CLERK ASSIGNS NUMBER )

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

FROM THE SIXTH COURT OF APPEALS
AT TEXARKANA, TEXAS CAUSE
NOS = 06-14-00083-CR, 06-14-00084
AND 06-14-00085-CR

FROM THE THE TRIAL COURT OF THE 6TH
DISTRICT COURT OF RED RIVER COUNTY, TEXAS

ROBERT SHANE KINSLOW
( PETITIONER/APPELLANT/DEFENDANT
HEREIN )

FILED IN
COURT OF CRIMINAL APPEALS

MAR 20 2015

Abel Acosta, Clerk

VS

THE STATE OF TEXAS
APPELLEE/ RESPONDANT

PETITION FOR DISCRETIONARY REVIEW
STATEMENT REGARDING ORAL ARGUMENT
ORAL ARGUMENT REQUESTED SO AS TO AVOID ANY
MISINTERPRETATIONS AND CLARIFICATIONS ORAL ARGUMENT BY
TELECONFERENCE OR IN PERSON.    Robert SHANE Kinslow

ROBERT SHANE KINSLOW, PRO SE
TDCJ # 1923349
MICHAEL PRISON UNIT, 2664 FM 2054
TENNESSEE COLONY, ANDERSON
COUNTY, TEXAS 75886

# CONTENTS

LETTER TO COURT CLERK (PARTYS) — — — 1 PAGE IN ENTIRETY

DECLARATION OF INABILITY TO PAY COSTS 2 PAGES IN ENTIRETY

1 6 MONTH INMATE TRUST FUND PRINT OUT TO COURT ONLY.

PETITION FOR DISCRETIONARY REVIEW COVER PAGE — — — i
   STATEMENT REGARDING ORAL ARGUEMENT — — — i

— — i A, i B

CONTENTS — — — — — — — —

   GROUND OR QUESTION PRESENTED FOR REVIEW — — —

— — i C, i D

INDEX OF AUTHORITYS — — — — — —

— — II, III

PRELIMINAAYS — — — —

— III, IV

STATEMENT OF THE CASE — — — — —

— IV — 1.

PROCEDURAL HISTORY — — — — —

UNPRESENTED ERRORS EXAMINATION LEADING TO
GROUNDS FOR REVIEW WITH REASONS FOR REVIEW — — 1-8

1. ILLEGAL SENTENCE - ACTUAL INNOCENCE
   CLAIM ON PUNISHMENT ASSESSED AT REVOKATION. 1
   (CAN BE RAISED AT ANY TIME)
2. THE SIX TH COURT OF APPEALS, TEXAS ERRED IN
   AFFIRMING HIS POINT OF ERROR 1 ON APPEAL
   THAT PETITIONER FAILED TO OBJECT OR FILE A
   MOTION FOR NEW TRIAL - THROUGH COUNSELS - AGAINST
   THE PETITIONER ON THE MATTER OF THE TRIAL COURT
   NOT GIVEN PETITIONER A SEPERATE PUNISHMENT HEARING
   AT REVOKATION, NOR DID APPELLATE COUNSEL AS RECORDS
   WERE NOT READY IN TIME. THAT RULING, AND THE
   CASE LAW USED by THE 6TH COURT OF APPEALS, TEXAS
   IS IN CONFLICT WITH MORE RECENT RULINGS
3. THE 6TH COURT OF TEXAS MADE A "PRESUMPTION" THAT

i A

CONTENTS - CONT.

THAT APPELLATE COUNSEL OPTED NOT TO FILE A MOTION FOR NEW TRIAL, BUT THAT "PRESUMPTION" IS CLEARLY STATED IN APPELLATE'S BRIEF BY APPELLATE COUNSEL THAT PETITIONER WAS WITHOUT THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE THE RECORD WAS NOT READY ON TIME TO FILE MOTION FOR NEW TRIAL, AND FOR NO OTHER REASON = A STRUCTURAL ERROR, VIOLATING 6TH AND 14TH USCA KONST AMENS, WITH EGREGIOUS HARM.

2. SINCE APPELLATE COUNSEL STATED A VERIFIABLE REASON FOR NO MOTION FOR NEW TRIAL FILED ON APPEAL IT WOULD SEEM A "PRESUMPTION" THAT COUNSEL OPTED TO WAIVE SUCH IS SOMEWHAT MISPLACED, ERRONEOUS, MISLEADING STANDARD.

SEE = THE PROBLEM WITH THE COURT OF APPEALS DETER-MINATION - PAGE 5 - 8

CONCLUSIONS - REASONS FOR REVIEW — — — 8 -12
REQUEST FOR RECORD SUPPLEMENTATION — — — 12
PRAYER — — — — — — — — 12-13

FACTS AND CONCLUSIONS REQUESTED — — 13

CERTIFICATE OF SERVICE — — — — 14

UNSWORN DECLARATION — — — — 14

MOTION FOR OUT-OF-TIME NEW TRIAL (S) OR PUNISHMENT HEARING — — — — — —

THE FOLLOWING PRESENTED SHOULD IN JUDGES SHOULD DISQUALIFY THEMSELVES

INTERESTED PARTIES

STATE PROSECUTING ATTORNEY

JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS.

JUSTICES MORRIS, CJ, CARTER AND MOSELEY, JJ OF 6TH COURT OF APPEALS, TEXAS

ROBERT SHAYLE KINSLOW - PETITIONER

DON BIARD - SBN 24047785 COUNSEL ON APPEAL

DAN MEEHAN - SBN 13898200 AT TRIAL FOR PETITIONER

HON VAL VARLEY - SBN 20496580 - FOR RED RIVER DISTRICT ATTORNEY'S OFFICE ON APPEAL

iB

# INDEX OF AUTHORITIES

PAGE

ALMANZA VS TEXAS 686 SW2d 157 (TCA 1985) — — 9

ARIZONA US FULMINATE 111 SCT 1246 — — — — — 4

BELSON US STATE 224 SW3d 485 (TA-HOU 1STDIST 2005) — 35

BERGER VS US — — — — — — — — — — 5, 4

BLAND US CALIFORNIA 20 F3d 1469 — — — — — — III

BOAG US MACDOUGAL 102 SCT 700 — — — — — III

BORDERS VS STATE 846 SW2d 834 (TCA-1992) — — — 5, 8

BRECHT US ABRAMS 113 SCT 1710 — — — — — 7

BROWN US STATE 943 SW2d 35 (TCA-1997) — — 6

CHRONIC — — 1,

EVITTS US LUCEY 105 SCT 830 (1985) — — — — 4

EX PARTE AXEL 757 SW2d 369 (TCA-1988) — — 13

EX PARTE DAIGLE 848 SW2d 691 (TCA-1993) — — — 4

EX PARTE FELTON 815 SW2d 733 (TCA-1991) — — 1, 9

EX PARTE JARRET 891 SW2d 935 (TCA-1994) — — 13

EX PARTE MCJUNKINS 954 SW2d 39 (TCA 1997) — — 6, 8

EX PARTE POOL 738 SW2d 285 (TCA 1987) — — — 1

EX PARTE RICH 194 SW3d 508 (TCA-2006) — — — 1, 7, 9

EX PARTE WELCH 981 SW2d 183 (TCA-1998) — — 1, 1, 9

FEAGIN US STATE 967 SW2d 417 — — — — — 6,

FULLER US STATE 224 SW3d 823 (TA-TEXARKANA 2007) — — 7

GALINDO US JOHNSON 19 F SUPP 2d 697 — — — III

GARZA US TEXAS 898 SW2d 192 (TCA 1993) — — — III

HALEY US COCKRELL 306 F3d 257 (5TH CIR 2002) — — 1, 7,

HAYNES US KERNER 92 SCT 594 — — — — — II, III

HILL US LOCKHART 474 US 52 (1985) — — — 1

IOWA US TOVAR 541 US 77 — — — — — 1

ISSA US STATE 826 SW2d 159 (TCA 1992) — — — 6,

JACKSON US STATE 159 SW3d 514 (TA-TEXARKANA 2006) — — 6, 8

JONES US TEXAS 796 SW2d 193 (TCA-1994) — — III

MARTIN US STATE 143 SW 412 (TA-AUSTIN 2004) — — 1, 11, 13

MCMANN US RICHARDSON — 1

OLDHAM US STATE 977 SW2d 354 (TCA 1998) — — 3, 5, 6, 13

IC

ONIEL US McANIOCH 115 SCT 992 — — — 7

PACE US DiGUELiERMO 125 SCT 1807 C2005) — — 1

RIES US QUARTERMAN 522 F3d 517 C5th CiR 2008) — — III

SAWYER US WHITLEY 112 SCT 2514 — — — — 1,7,9

STRICKLAND US WASHINGTON 104 SCT 2052 — — — 1,5

US US GONZALEZ-LOPEZ 126 SCT 2552 — — — 4

WARD U STATE 740 SW2d 794 CTCA 1987) — — 3

VIDAURRI U STATE 49 SW3d 880 CTCA-2001) — — — 5,8

WATSON U STATE 924 SW2d 714 — — — 6

LAWS, RULES, STATES = ALL TEX R. APP Pro RULES ARE FROM A PERSONAL 2002 TEXAS CODE OF CRIM PRO AS MICHAEL UNIT LAW LIBRARY IN ACCESSIBLE DUE TO UNIT LOCKDOWN OCCURRING MARCH 4, 2015, AND NO ACCESS TO BOOKS.

TEX R. APP Pro RULE 2 — — — —

RULE 9.1 (a) (b) — — — IV, 14

RULE 9.1 (b) — — —

RULE 9.2 (a) (1) (2) (b), (a) (B)(C), 2 (A)(B)(C). IV

RULE 9.2 (a)(1)(2), (b)(1) (A)(B)(C) ; 2(A)(B)(C) — II, IV

RULE 9.3 — — — — — II

RULE 21.1 — — — — — 9, 10

RULE 21.2 — — — — — 10

RULE 21.3 (a) (b) (e) (g)(h) — — — 10

RULE 22 — — — — 10

RULE 22.1 — — —

RULE 22.2 (d) — — — — — 10 10-11

RULE 25.2 (b) (3) — — — 5,6

RULE 33.2 (a) (b) — — — — 11

RULE 34 — — — — 11

RULE 34.1 — — — — 11

RULE 34.2 — — — 11

RULE 34.5 (1) (2) (2) (5)(6) — — — 11-12

RULE 34.6 (d) — — — 11-12

RULE 38.9 (a) (b) — — — IV

RULE 44.2 (a) — — — 12

RULE 44.3 — — — 12

RULE 44.4 (a) (1) (2) (b) — — 12

RULE 63.3 (a) (c) (d)(E) AT PAGE — — 9

RULE 23.1 — — — 12

RULE 23.2 (a)(b) 12

RULE 43.2 (b)(c)(d) (e) — — 13

RULE 43.3 (a)(b) — 13

US CONST AMEND 6

US CONST AMEND 14 — 3,8

USC 2254 d (1) (2) — — — — 7

**PRELIMINARYS** = PETITIONER IS ACTUALLY INNOCENT OF THE PUNISHMENT ASSESSED.

PURSUANT AND CONSISTANT TO THE TEXAS RULES OF APPELLATE PROCEDURE, PETITIONER REQUEST TO ENVOKE RULE 2- "SUSPENSION OF RULES AS PETITIONER IS PRO SE AND NOT FORMALLY EDUCATED IN LAW, AS TO SEEK EXPEDIANT AND PRACTICLE RESOLUTION OF THE CASE BASED ON THE MERITS.

PETITIONER HAS NO COPIER OR OTHER OFFICE EQUIPMENT TO PERFECT THE PETITION, HAS LIMITED ACCESS TO WEST TEXAS DIGEST 2d REFERENCE BOOKS by INTRALOAN PROCESS ONLY WHICH REQUIRES THE INMATE TO SUBMIT A WRITTEN REQUEST, AS AN EXAMPLE ON FEBRUARY 1, 2015, IN WHICH THE INMATE RECIEVES THE BOOK A WEEK TO TWO WEEKS AFTER SUBMISSION OF REQUEST, ALLOWED TO REVIEW IT FOR 2 - 3 HOUR PERIODS, GENERALLY, AND THEN RETURNED TO DEPOSITORY, THEN INMATE MUST WAIT ANOTHER SEVEN DAYS TO TEN DAYS TO REORDER OR ORDER OTHER BOOK (S). THREE BOOKS PER ORDER, ONE ORDER AT A TIME, A 3 WEEK PROCESS - IN THE MINIMUM-TO COMPLETE THAT CYCLE.

THE ONLY VERHSONS TEXAS ANNOTATED CODES AVAILABLE ARE THE CODE OF CRIMINAL PROCEDURE, PENAL CODE, AND CIVIL PRACTICE AND REMEDIES CODE.

TO AGGRIVATE THE LIMITED ACCESS TO COURTS, THE MICHAEL PRISON UNIT WENT ON LOCK DOWN FOR SHAKE DOWN ON MARCH 4, 2015. VERIFICATION TO INTRALOANS MAY BE ABLE TO BE OBTAINED FROM BRIDGETTE COLLINS/FRANK - TOCJ - ACCESS TO COURTS ~~...~~, HUNTSVILLE, TX 77340 PH= 9368390 FAX 9302916626

PETITIONER REQUEST ENVOKATION OF RULE 9.1 (b) "UNREPRESENTED PARTIES", 9.2 "FILING" (a) (1) (2) - (b) "FILING BY MAIL" (1) - "TIMELY IF RECIEVED WITHIN TEN DAYS AFTER FILING DEADLINE- "PETITIONER'S DEADLINE IS MARCH 20, 2015 - (A) (B) (C); (2) PROOF OF MAILING" - (A) (B) (C), TO INCLUDE RULE 4.1 "COMPUTING TIME (a) (b) WHILE DOCKETING CASE

PETITIONER REQUEST SUSPENSION OF NUMBER OF COPIES - RULE 9.3 AND REQUEST THE COURT'S CLERK MAKE SUCH, AND RULE 38.9 "BRIEFING RULES TO BE CONSTRUED LIBERALLY - (a) (b).

THE TEXAS COURT OF CRIMINAL APPEALS HAS JURISDICTION AND VENUE RULE 68.1

SEE HAYNES VS KERNER 92 SCT 594, PRO SE PLEADINGS ARE TO BE

II

CONSTRUED LIBERALLY AND HELD TO LESS STRINGENT STANDARDS THAN PLEADINGS DRAFTED BY ATTORNEYS, AS FURTHER, IF THE COURTS CAN REASONABLY CONSTRUE THE PLEADINGS TO STATE A VALID CLAIM UPON WHICH A LITIGANT COULD PREVAIL; IT SHOULD DO SO DESPITE ANY FAILURE TO CITE PROPER AUTHORITY, CONSIDER OF LEGAL THEORIES OR PRINCIPLES, POOR CONSTRUCTION OR LACK OF FORM AND NOT HELD TO SAME STANDARDS AS AN ATTORNEY - BOAG US MacDONGAL 102 SCT 700 CITING HAYNES V KERNER 92 SCT 594.

GALINDO US JOHNSON 19 F SUPP 2d 697 = DISTRICT COURT IS REQUIRED TO CONSTRUE THE PLEADINGS OF PRO SE INMATE PETITION LIBERALLY.

RIES US QUARTERMAN 522 F3d 517 (5th CIR 2008) = PETITIONER NEED NOT SPELL OUT EACH SYLLABLE OF THE CLAIM.

RELAXING OF RULES AND ERRORS TO RESOLVE APPEAL - GARZA V TEXAS 898 SW2d 192 (TCA 1993); JONES US TEXAS 796 SW2d 193 (TCA-1994) AT [5] FOOTNOTE1

## STATEMENT OF THE CASE

THIS IS A PETITION FOR DISCRETIONARY REVIEW OF THE TRIAL AND APPELLATE COURTS DETERMINATION OF ISSUES PRESENTED. IN BOTH INSTANCES, INEFFECTIVE ASSISTANCE OF COUNSEL, AMONG OTHER REVERSIBLE ERRORS, HAS RESULTED IN WRONGFUL PUNISHMENT OF PETITIONER WHO IS ACTUALLY INNOCENT OF THE PUNISHMENT ASSESSED.

NATURE OF THE CASE = MOTION TO ADJUDICATE GUILT ON TWO CHARGES OF INDECENCY WITH A CHILD - MOTION TO REVOKE COMMUNITY SUPERVISION ON ONE CHARGE OF BURGLARY.

TRIAL COURT = THE HONORABLE ERIC CLIFFORD - 6th DISTRICT COURT, RED RIVER COUNTY, TEXAS. ON APRIL 14, 2014

TRIAL COURT DISPOSITIONS = THE TRIAL COURT ADJUDICATED PETITIONER GUILTY ON THE TWO CHARGES OF INDECENCY WITH A CHILD AND SENTENCED PETITIONER TO 40 YEARS IMPRISONMENT. THE TRIAL COURT ALSO REVOKED PETITIONER'S COMMUNITY SUPERVISION ON THE SOLE CHARGE OF BURGLARY AND SENTENCED PETITIONER TO ~~FIVE~~ 2 YEARS IMPRISONMENT ON THAT CONVICTION. - SEE PAGE 4 OF APPELLANT'S BRIEF - "NOTE ON COMBINED (APPEAL) BRIEFS - THE (THE TWO YEARS IMPRISONMENT SUSPENDED FOR FIVE YEARS CONCURRENT WITH 2-10 YEAR CONCURRENT DEFERRED PROBATIONS FOR INDECENCY AT

ORIGINAL PLEAS OF GUILTY ON MAY 9, 2011

APPEAL TO THE 6TH COURT OF APPEALS OF TEXAS STEMS FROM THE REVOKATION OF COMMUNITY SUPERVISION IN THREE SEPERATE CAUSE NUMBERS BELOW. THE TRIAL COURT CAUSE NOS CR01648, CR01649 AND CR00722 RESPECTIVELY. THESE TRIAL COURT NOS WERE ASSIGNED SEPERATE CASE NUMBERS IN THE 6TH COURT OF APPEALS OF TEXAS AS CASE NOS 06-14-0083-CR, 06-14-00084 CR AND 06-14-00085 CR, RESPECTIVELY. AS THE ISSUES PRESENTED HEREIN ARE IDENTICAL FOR EACH CASE, THESE CASES WERE BRIEFED ON APPEAL IN A SINGLE BRIEF BY BOTH PETITIONER AND STATE, AND LIKEWISE, DETERMINED BY THE 6TH COURT OF APPEALS OF TEXAS. SEE APPELLANTS BRIEF - PAGE 4

PROCEDURAL HISTORY:

This PETITION FOR DISCRETIONARY REVIEW, AFTER A MOTION FOR EXTENSION WAS GRANTED, IS DUE ON MARCH 28 2015 WITH REQUEST OF TEXAS RULES OF APPELLATE PROCEDURE RULE 4.2 (a) (1)(2), (b) (1) (A)(B)(C); (2) (A)(B)(C), AND RULE 4.1 (a)(b) ENVOKED.

IN AUGUST OF 2010, A GRAND JURY IN RED RIVER COUNTY RETURNED AN ORIGINAL INDICTMENT AGAINST PETITIONER THAT CHARGED HIM WITH THE SECOND-DEGREE FELONY OFFENSE OF INDECENCY WITH A CHILD. SEE CR, PGS. 6-7; TEX PENAL CODE ANN § 21.11 (a), (d) (WEST 2011). SUBSEQUENTLY, PETITIONER ENTERED A PLEA OF GUILTY, WHICH INCLUDED A JUDICIAL CONFESSION AMONG THE WRITTEN PLEA ADMONISHMENTS (CR, PGS 20-42), AND WAS PLACED ON DEFERRED ADJUDICATION COMMUNITY SUPERVISION FOR TEN (10) YEARS. SEE CR, PGS 43-44. (PETITIONER STATES ALL THREE CHARGES 10 YEARS AND 2 YEARS PUNISHMENTS WERE ORIGINALLY CONCURRENT IN PLEA OF GUILT DEAL) SUSPENDED FOR 5 YEARS

SUBSEQUENTLY, THE STATE FILED SEVERAL APPLICATIONS TO REVOKE PROBATION BUT PROCEEDED TO A BENCH TRIAL ON THE SECOND AMENDED APPLICATION. SEE CR, PGS. 84-90. AFTER A CONTESTED HEARING, THE TRIAL COURT FOUND THAT THE ALLEGATIONS HAD BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE AND REVOKED PETITIONER'S COMMUNITY SUPERVISION. SEE RR, PGS 68. THE TRIAL COURT SENTENCED PETITIONER TO TWENTY (20) YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. SEE RR, PG. 68

ON APRIL 14, 2014, THE TRIAL COURT SIGNED ITS JUDGEMENT REVOKING THE PETITIONERS COMMUNITY SUPERVISION. SEE CR, PGS 101-102. SEE (PETITIONERS THREE PROBATIONS WERE REVOKED, TWO 20 YEAR SENTENCES WERE ORDERED CONSECUTIVE ) - SEE PAGE 7 OF APPELLANT'S BRIEF - RR PG 68
APPELLEES (STATES) BRIEF PAGE 6, 15
(2)

PETITIONER TIMELY FILED NOTICE OF APPEAL THROUGH APPOINTED APPELLATE COUNSEL APPOINTED APRIL 14, 2014 RELIEVING TRIAL COUNSEL ON APRIL 14, 2014.

1.U

The 6th Court of Appeals opinion was issued December 19, 2014 affirming the conviction and denying relief based on petitioners complaint of (1) the trial court failed to conduct a sentencing hearing after adjudicating him guilty and granted relief to petitioner on his second complaint of assessing attorneys fees against him. Affirmed as modified by Justice Morriss, C-J, Carter and Moseley, JJ, memorandum opinion by Justice Carter. See 6th Court of Appeals memorandum opinion - page 2-3.

No motion for rehearing filed.


## Unpresented Errors Examination Leading To

### Grounds for Review with Reason for Review

1. Illegal sentence - Actual Innocence claim of punishment assessed. Petitioners original plea bargain was a plea of guilty to two counts of indecency with a child in exchange for 2 terms of deferred community supervision for 10 years on 2-20 range second degree felonys, upon revocation, to run concurrently with a 2 year confinement suspended for five years for burglary also concurrent, making petitioner otherwise actually innocent of the two twenty years consecutively ordered upon revokation and adjudication. See Haley vs Cockrell 306 F3d 257 (5th Cir 2002, Sawyer vs Whitley, 112 SCt 2514 = the actual innocent exception applies to those actually innocent of the punishment assessed overruling procedural grounds and defaults as bars to consideration, see Ex Parte Rich 194 SW3d 508 (2006). 143

Petitioner bases his argument on Martin vs State ~~TES~~ SW2d 482 (Tex App - ~~Corpus Christi~~) Austin 2004

Not only would that be trial court, states error, but ineffective assistance of trial counsel at punishment sentencing - Ex Parte Felton 815 SW2d 733 (TCA 1991); Ex Parte Welch 981 SW2d 183 (TCA 1998); Strickland v Washington 104 SCt 2052; Iowa vs Tovar 541 US 77,80 cite chronic; Andrain unknowing involuntary plea of guilty, Pace vs Diguliano 125 SCt 1807 (2005); Ex Parte Pool 738 SW2d 285 (TCA 1987), Hill vs Lockhart, 474 US 52 (1985), McMann vs Richardson

1.

2. BASED ON THE FOLLOWING AUTHORITYS = THE 6th COURT OF APPEALS ERRORED ON AFFIRMING HIS ISSUE THAT THE TRIAL COURT FAILED TO CONDUCT A PUNISHMENT HEARING AFTER ADJUDICATION OF HIS PROBATION REVOKATIONS, AGAINST PETITIONER.

THE CRUX OF PETITIONER'S COMPLAINT IS THAT, [ALTHOUGH PETITIONER'S TRIAL ATTORNEY AS STATED IN APPELLEE'S (STATE'S) BRIEF AT PAGE 15 " UPON CONCLUSION OF SERGEANT RUDEN'S TESTIMONY, THE STATE RESTED - SEE RR, pg 64. THE DEFENSE RECALLED MOORE AS A WITNESS - SEE RR, pg 65, FOLLOWING HER TESTIMONY, THE DEFENSE RESTED - SEE RR, pg 67. THE STATE THEN RESTED AND CLOSED SEE RR pg 67. ( THE PETITIONER HEREIN DUE TO COUNSEL'S ERROR TO CLOSE WITHOUT "REBUTTAL" FROM PETITIONER ON VARIOUS ISSUES PRESENTED TO COURT, BUT MORE IMPORTANT IS THAT AFTER SENTENCING, THE TRIAL COURT FAILED TO CONDUCT PETITIONER'S ENTITLEMENT TO A SEPERATE PUNISHMENT HEARING AFTER ADJUDICATION AND SENTENCING IN WHICH PETITIONER WAS DENIED by THE COURT, STATE, AND TRIAL COUNSEL TO OBJECT TO THE TWO CONSECUTIVE 20 YEAR SENTENCES IMPOSED BASED ON HIS ORIGINAL PLEA BARGAIN OF 2 TEN YEAR AND ONE FIVE YEAR CONCURRENT COMMUNITY SUPERVISIONS. HIS MAXIMUM, IN HIS CASE, SHOULD BE 2 TWENTY YEAR SENTENCES CONCURRENT WITH THE FIVE ALSO RUNNING CONCURRENT AS HE UNDERSTOOD HIS PLEA BARGAIN TO BE IN THE GUILTY PLEA TRIAL COURT. THE STATEMENT FOUND AT PAGE 15 OF APPELLEE'S (STATE'S) BRIEF STATING, " AFTER BOTH SIDES RESTED AND CLOSED (RR, pg 67), THE TRIAL COURT SENTENCED KINSLOW (PETITIONER) TO 20 YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IS MISLEADING, INCORRECT, AND NOT HARMLESS, POSSIBLY INFLUENTIAL, THAT IS, ACCORDING STATING TWO TWENTY YEAR TERMS CONSECUTIVELY.

THE STATE'S BRIEF AT PAGES 17, 18 SUGGEST THE PETITIONER, THROUGH THE REVOCATION HEARING TRIAL COUNSEL, THAT THE

2.

PETITIONER HAD THE OPPORTUNITY TO PRESENT MITIGATING EVIDENCE BUT RESTED AFTER RECALLING MOORE. (THE BRIEF DOES NOT MENTION IF ANY SUGGESTIVE FROWNS, ACTIONS OR OTHER "SILENT TACTICS" MAY HAVE INFLUENCED COUNSEL TO REST)

EVEN, IF TRUE, THE PETITIONER OR HIS COUNSEL COULD NOT OBJECT, CORRECT OR OTHERWISE ADDRESS THE COURT OF THE PUNISHMENT/ SENTENCING ERROR UNTIL AFTER SENTENCE WAS PRONOUNCED AFTER ADJUDICATION WHICH WAS AFTER THE RECALL OF MOORE BY PETITIONERS COUNSEL TO OFFER MITIGATING EVIDENCE, BECAUSE THE SENTENCE WAS NOT ANNOUNCED, OR OTHERWISE KNOWN TO PETITIONER OR HIS COUNSEL BEFORE THE ERROR OCCURED, ADDRESSING THE ERROR AT THE STATED "RECALL STAGE OF MOORE" WOULD SEEM SINCE COURT HAD NOT ANNOUNCED SENTENCE AT THAT POINT UNKNOWN AND IMPROPER, THE BRIEFS DO NOT STATE IF ANY SUGGESTIVE OR COERCIVE TACTICS WERE EMPLOYED TO SILENCE COUNSEL, ON CONFRONTING THE ILLEGAL SENTENCE WHEN PRONOUNCED.

IT MAY BE THAT COUNSEL AT REVOKATION HEARING WAS INEFFECTIVE WITH EGREGIOUS HARM FOR NOT FILING A MOTION FOR NEW TRIAL WITH/OR OTHERWISE ADDRESSING THE ERROR AT THE REVOKATION HEARING LEVEL. SEE OLDHAM VS STATE 977 SW 2d 354, 360-362 ( T CA 1998) CITING THE PERIOD FOR FILING A MOTION FOR NEW TRIAL, ~~THE REMEDY FOR FOUR~~ IS A CRITICAL STAGE AT WHICH DEFENDANT IS GUARANTEED 6TH AMENDMENT RIGHT EFFECTIVE ASSISTANCE OF COUNSEL. IN BENSON VS STATE 224 SW 3d 485, 491 ( T A - HOUSTON 1ST DIST 2005) THE COURT OF APPEALS WROTE " WHEN A DEFENDANT IS DEPRIVED OF EFFECTIVE COUNSEL DURING THE PERIOD FOR FILING A MOTION FOR NEW TRIAL, THE REMEDY IS TO RESET THE APPELLATE TIME LIMITS. SEE WARD VS STATE 740 SW 2d 794, 800 (T CA 1989 en banc). " IN WARD, THE COURT OF CRIMINAL APPEALS EXAMINED COUNSEL'S ACTIONS IN FAILING TO SECURE A STATEMENT OF FACTS WHICH RENDERED THE SUBSEQUENT APPEAL MEANINGLESS THE COURT HELD THE INACTION TO BE INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL, WITHOUT EXAMINING THE ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL IN CONJUNCTION WITH A MOTION FOR NEW TRIAL. SINCE THE ATTORNEY WHO REPRESENTS ONE AT TRIAL CONTINUES AS A MATTER OF LAW UNTIL REPLACEMENT BY THE COURT, THE HOLDINGS IN BENSON AND WARD SEEM APPROPRIATE TO SAY THAT REVOKATION COUNSEL WAS INEFFECTIVE FOR NOT FILING A MOTION FOR NEW TRIAL, OBJECTED, OR OTHERWISE BROUGHT THE SENTENCING ERROR TO THE REVOKATION COURT.

AND WARD VS STATE ABOVE 740 SW 2d 794 800 (T CA - 1989 en banc)

3.

SEEMS TO SUGGEST THAT, WHEREIN WARDS HEREIN COUNSEL FAILED TO SECURE STATEMENT OF FACTS RENDERING THE SUBSEQUENT APPEAL MEANINGLESS, IN PETITIONER HEREIN'S CASE THE PETITIONER'S APPELLANT BRIEF AT PAGES 9/10 IT STATES IN SHORT PETITIONER'S TRIAL COUNSEL WAS RELIEVED ON APRIL 14, 2014 AND APPOINTED APPELLATE COUNSEL ON APRIL 14, 2014. APPELLANT'S BRIEF AT PAGE 10 STATES, "THE REPORTER'S RECORD WAS FILED IN THIS COURT ON JULY 1, 2014." THEREFORE DURING THE TIMEFRAME THAT KINSLOW COULD HAVE FILED A MOTION FOR NEW TRIAL — APRIL 14 TO MAY 14 — KINSLOW WAS WITHOUT THE EFFECTIVE ASSISTANCE OF COUNSEL WHO COULD HAVE KNOWN OF THE RELEVANT FACTS NECESSITATING SUCH A MOTION."

THE FACT THAT THE APPELLATE COUNSEL COULD NOT GET THE RECORD TILL AFTER THE DEADLINE SUPPORTS THE CLAIM OF A STRUCTURAL ERROR — SEE ARIZONA US FULMINATE 111 SCT 1246, OR IN THE LEAST INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL. SEE EVITTS US LUCEY 105 SCT 830 (1985) FOR FAILURE TO FILE A MOTION FOR NEW TRIAL, IN PETITIONERS CASE WITHOUT THE RECORD — SEE EX PARTE DAIGLE 848 SW 2d. 691, 692 (TCA-1993) - "FAILURE TO RAISE A VALID ~~CLAIM~~ LEGAL CLAIM THAT NECESSARILY WOULD HAVE RESULTED IN A REVERSAL APPARENTLY ALSO CONSTITUTES INEFFECTIVE ASSISTANCE BY APPELLATE COUNSEL."

FURTHER, IT WOULD APPEAR THAT APPELLATE COUNSEL FOR PETITIONER HEREIN ERRORED AND WAS INEFFECTIVE WITH HARM BY NOT ADDRESSING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR NOT ADDRESSING THE SENTENCING ERROR AT THE REVOCATION HEARING ON KINSLOW'S APPEAL, OR HIS RIGHT TO CHANGE COUNSEL.

THAT CLAIM IS SUPPORTED BY APPELLANT'S BRIEF AT PAGE 6 UNDER FACTUAL BACKGROUND STATES: "AT THE OUTSET OF THE ADJUDICATION HEARING, KINSLOW'S TRIAL COUNSEL ASKED THE COURT TO BE ALLOWED TO WITHDRAW - R.R pg 4. HIS COUNSEL STATED THAT HE BELIEVED KINSLOW HAD RETAINED ANOTHER ATTORNEY TO REPRESENT AT THE HEARING - R.R pg 5. AFTER SOME DISSCUSSION, IT APPEARED THAT KINSLOW HAD NOT RETAINED ANOTHER ATTORNEY AND THE TRIAL COURT ORDERED THAT THE HEARING WOULD PROCEED - R.R pg 6. SEE U. S US GONZALEZ-LOPEZ 126 SCT 2552 AND BLAND US CALIFORNIA 20 F 3d 1469: CONCERNING CHOICE OF COUNSEL RIGHTS AND DENIAL OF RIGHT TO CHOICE OF COUNSEL IS REVERSIBLE ERROR REGARDLESS OF WHETHER PREJUDICE IS SHOWING",

"KINSLOW'S TRIAL COUNSEL NEXT OBJECTED TO ALLOWING THE HEARING TO PROCEEDING, TELLING THE COURT HE HAD INSUFFICIENT TIME TO PREPARE - R.R pg 8. THE JUDGE ALSO OVERRULED THIS OBJECTION AND ORDERED THAT THE HEARING WOULD PROCEED - R.R pg 8 - THAT PORTION

4.

OF THE RECORD NOT ONLY SUPPORTS A HARMFUL INEFFECTIVE ASSISTANCE OF COUNSEL by NOT BEING PREPARED BUT ALSO ERROR OF TRIAL COURT NOT TO ALLOW KINSLOW TO RETAIN NEW COUNSEL AND/OR IN THE LEAST, RESETTING THE HEARING IN THE LEAST TO GIVE TRIAL COUNSEL MORE PREPARATION TIME - PERHAPS THE REASON FOR A REQUEST OF TRIAL COUNSEL CHANGE. NOT BEING PREPARED IS NOT ADVOCATING PETITIONER'S CAUSE - STRICKLAND VS WASHINGTON 104 SCT 2052, TO SEE THAT JUSTICE IS DONE - BERGER US U.S.          CITING PROSECUTOR AND JUDGES OBLIGATIONS TO INSURE JUSTICE AND NOT MERELY CONVICT.

IT APPEARS THE RESULT OF ABOVE WAS NOT HARMLESS, AND APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT CITING THESE ERRORS.

IN OLDHAM V STATE, 977 SW2d 354, 363 (TCA 1998) AND BENSON VS STATE 224 SW3d 485, 490 (TEX APP-HOUSTON [1ST DIST 2007, NO PET) AS STATED A PAGE 3 OF BRIEF OF THE 6TH COURT OF APPEALS, TEXAS AT FOOTNOTE 2. IT STATES, " ABSENT A RECORD SHOWING OTHERWISE, WE MUST APPLY THE PRESUMPTION THAT THE REASON THAT A MOTION FOR NEW TRIAL WAS NOT FILED WAS BECAUSE THE APPELLANT CONSIDERED FILING BUT OPTED NOT TO FILE IT." - WITHOUT AN EVIDENTIARY HEARING, ONE COULD PRESUME IT WAS FUTILE TO FILE IT, BECAUSE OF THE PASSING OF THE DEADLINES. IT SHOULD BE NOTED THAT THE 6TH COURT OF APPEALS OF TEXAS IN ITS MEMORANDUM OPINION AT PAGE 3 RELIED ON . VIDAURRI V STATE 49 SW3d 880, 886 (TCA 2001); BORDERS V STATE 846 SW2d 834, 836 (TCA - 1992). IT SHOULD ALSO BE NOTED THAT APPELLANT COUNSEL'S BRIEF AT PAGES 9, 00 SUGGEST APPELLANT COUNSEL EXPLAINED WHY A MOTION FOR NEW TRIAL WAS NOT TIMELY FILED by APP= COUNSEL

<u>THE PROBLEM WITH THE COURT OF APPEALS DETERMINATION</u> IS THAT IN VIDAURRI V STATE 49 SW3d 880 (TCA 2001), THE COURT OF CRIMINAL APPEALS ON PETITION FOR DISCRETIONARY REVIEW RULED THAT (1) THE RULE (TRAPPRO 25.2 (b)(3) LIMITING APPEALS FOLLOWING A PLEA OF GUILTY OR NOLO CONTENDERE DID NOT APPLY TO THE DEFENDANT'S CLAIM THAT HE WAS DEPRIVED OF A SEPERATE PUNISHMENT HEARING FOLLOWING A FINDING THAT HE VIOLATED DEFERRED ADJUDICATION ADJUDICATION SUPERVISION AT [2] = EVEN THOUGH THE PROBATION WAS THE RESULT OF A GUILTY PLEA Id AT 419 CITING FEAGIN V STATE 967 SW2d 417 (TCA 1998) FEAGIN DISTINGUISHED BETWEEN APPEALS OF ISSUES RELATIVE TO THE

5.

CONVICTION AND APPEALS ON ISSUES SEPERATE FROM THE CONVICTION HOLDING THAT ONLY THE FORMER ARE LIMITED BY THE RULE

AT [3] ON PAGE 885: " WE HAVE PREVIOUSLY HELD THAT A DEFENDENT IS ENTITLED TO A PUNISHMENT HEARING AFTER THE ADJUDICATION OF SUIT, AND THE TRIAL JUDGE MUST ALLOW THE ACCUSED THE OPPURTUNITY TO PRESENT EVIDENCE (IN PETITIONER'S CASE EVIDENCE IN THE FORM OF THE ORIGINAL SENTENCING RECORD AT ORIGINAL PLEA OF GUILTY ON MAY 9, 2011 AND APPLICABLE LAWS FOR SENTENCING AND PLEA DEAL AS HE UNDERSTOOD IT AT THAT TIME, AND REPORTERS RECORD OF SUCH.) ISSA US STATE 826 SW 2d 159 AT 161 (TCA 1992) THE OF APPEALS COURT FOUND THAT IT DID NOT HAVE JURISDICTION OVER APPELLANT'S APPEAL BECAUSE RULE 252(b)(3) PROHIBITED IT. HOWEVER APPELLANTS CLAIM THAT HE WAS DEPRIVED OF A SEPERATE PUNISHMENT HEARING DOES NOT CHALLENGE HIS CONVICTION (AS IN HEREIN PETITIONER KINSLOWS CASE), IT CHALLENGES THE PROCESS by WHICH HE WAS SENTENCED AN ISSUE UNRELATED TO HIS CONVICTION"- FEA 6IN 967 SW 2d AT 419. THEREFORE THE RULE 25.2 (b)(3) LIMITATIONS DID NOT APPLY TO APPELLANTS CLAIM AND THE COURT OF APPEALS ERRED IN FINDING THAT IT LACKED JURISDICTION TO CONSIDER APPELLANTS CLAIM - WATSON 924 SW 2d 714, BROWN U STATE 943 SW 2d 35 (TCA 1997)

(THE PETITIONER HEREIN KINSLOW AS EXPLAINED HEREIN THE PROCESS OF THE ALLUDING CHANGES TO ADDRESS THE ERRORS CHALLENGES A THE 'SEPERATE AND COMMULATIVE ISSUES AND ERRORS OF TRIAL COURT, INEFFECTIVE ASSISTANCE CLAIMS AT REVOKATION HEARING, AND APPEAL WITH THE STRUCTURAL DEFECT OF THE RECORDS BEING LATE, WITH FAILURE OF THE PROSECUTOR TO SEE THAT JUSTICE IS DONE, NOT MERELY CONVICTING AS IN "OLDHAM U STATE" FURTHER, IT WOULD SEEM TO VIOLATE THE TEXAS COURT OF CRIMINAL APPEALS ORDER IN EX PARTE MC JUNKINS 954 SW 2d 39 (TCA 1997; SEE ALSO JACKSON U STATE 159 SW 3d 514 (FA-

6.

TEXARKANA 2005) = WHERE FAILURE TO OBJECT TO STACKED SENTENCE IS NOT A SUFFICIENT WAIVER.

ACTUAL CLAIM OF INNOCENCE AS TO PUNISHMENT MAY BE RAISED AT ANY TIME, AS IT APPEARS THE COURT OF APPEALS IN PETITIONER'S CASE DID NOT CONSIDER THIS ISSUE AS IT APPEARS NOT PROPERLY PRESENTED OR ARGUED, OR OTHERWISE CALLED INTO QUESTION, AND THE ERROR(S) HEREIN ARE NOT HARMLESS - SEE THE BRECHT US Abraham HARM ANALYSIS 113 SCT 1710, THE ONEIL US MCANINCH HARM ANALYSIS 115 SCT 992, AND THE ALMANZA US TEXAS 686 SW2d 157 (TCA 1985) HARM ANALYSIS, AND HAS SHOWN CAUSE AND PREJUDICE SEE HALEY US COCKRELL 306 F3d 257 (5TH CIR 2002) PETITIONER ADOPTING- " THOUGH A STATE COURT DECISION IS NORMALLY ENTITLED TO DEFERENCE UNDER 28 USC § 2254 (d) THAT DEFERENCE APPLYS ONLY TO DECISIONS ON THE MERITS AND HAS NO APPLICATION WHERE, AS HERE THE STATE HABEAS CORPUS WAS DISPOSED OF ON PROCEDURAL GROUNDS. HERE THE PROCEDURAL GROUNDS WERE PROCEDURAL DEFAULT, FAILURE TO OBJECT. PROCEDURAL DEFAULT CAN BE OVERCOME IF THE DEFENDANT CAN SHOW CAUSE AND PREJUDICE. ONE MEANS OF MAKING A SHOWING IS by ACTUAL INNOCENCE, IN A NON-CAPITOL CONTEXT, THAT IS IN ORDER TO BE ACTUALLY INNOCENT OF A NON-CAPITOL SENTENCE, THE PETITIONER MUST SHOW THAT "BUT FOR CONSTITUTIONAL ERROR HE WOULD NOT HAVE BEEN LEGALLY ELIGIBLE FOR THE SENTENCE HE RECIEVED.

SAWYER US WHITLEY 112 SCT 2514 MUST DEMONSTRATE by CLEAR AND CONVINCING EVIDENCE THAT FOR CONSTITUTIONAL ERROR, NO REASONABLE JUROR WOULD HAVE FOUND HIM GUILTY OF DEATH PENALTY.

EX PARTE RICH 194 SW3d 508 (TCA-2006) ERRORS IN SENTENCING MAY BE BROUGHT UP AT ANY TIME.

FULLER U STATE 224 SW 3d 823 (TA-EASTLAND TEXARKANA 2007) = A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

7,

ON AN UNDEVELOPED RECORD ON DIRECT APPEAL SHOULD, NONETHELESS BE ENTERTAINED AND UPHELD IF SUPPORTED BY THE RECORD - USCA CONST AMEND 6  CRIM LAW 1119(1)

CONCLUSION - REASONS FOR REVIEW

BECAUSE OF THE FOLLOWING GROUNDS OF ERROR, THIS PETITION FOR DISCRETIONARY REVIEW SHOULD BE GRANTED AS:

1. THE PETITIONER HEREIN IS ACTUALLY INNOCENT OF THE PUNISHMENT ASSESSED AND AS EXPLAINED IN THESE PRIOR PAGES, THIS GROUND IS REVIEWABLE AT ANY TIME.

2. THE 6th COURT OF APPEALS OF TEXAS, PURSUANT AND CONSISTANT WITH TEXAS RULES OF APPELLATE PROCEDURE 66.3 REASONS FOR GRANTING REVIEW. While NEITHER CONTROLLING NOR FULLY MEASURING THE COURT OF CRIMINAL APPEALS DISCRETION, THE FOLLOWING WILL BE CONSIDERED BY THE COURT IN DECIDING WHETHER TO GRANT DISCRETIONARY REVIEW.
(a) WHETHER A COURT OF APPEAL'S DECISION CONFLICTS WITH ANOTHER COURT OF APPEAL'S DECISION ON THE SAME ISSUE. (OR A COURT OF APPEAL'S DECISION CONFLICTING WITH THE TEXAS COURT OF CRIMINAL APPEALS OF TEXAS DECISION, OR A TEX CRIM APP DECISION CONFLICTING ITSELF)
   THE PETITIONER HEREIN PURSUANT TO T.R.A.P RULE 63.3 (a) ABOVE AS CITED IN PAGE  HEREIN, IT IS APPARENT IN STATING EX PARTE MC JUNKINS 954 SW 2d 39 (TCA - 1997; ALSO JACKSON v STATE 159 SW 3d 514 (TA - TEX ARKANA 2005) RULING THAT WHERE FAILURE TO OBJECT TO STACKED SENTENCE IS NOT A SUFFICIENT "WAIVER" IN ESSENCE, CONFLICTS WITH THE STATE'S AND 6th COURT OF APPEALS OF TEXAS BRIEF AND MEMORANDUM OPINION CITING THE HOLDINGS OF VIDAURRI v STATE 49 SW 3d 880, 886 (TCCA 2001); BALDERS v STATE 846 SW 2d 834, 836 (TEX CRIM APP 1992) CITING, IN ESSENCE, THE PETITIONER HEREIN FAILED TO OBJECT DURING THE HEARING AND ALSO TO FILE A MOTION FOR NEW TRIAL" WHICH OCCURRED AT THE REVOKATION HEARING - MOST IMPORTANTLY, AND THEN AT APPEAL - THROUGH COUNSEL) AND/OR COURT/STATE'S ERRORS. NOTE THE DATES OF MC JUNKINS, JACKSON ARE UNDERLINED TO EXPRESS THOSE DECISIONS ARE MORE RECENT THAN VIDAURRI, BALDERS ABOVE.

(c) WHETHER A COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE OR FEDERAL LAW IN A WAY THAT CONFLICTS WITH THE

8.

DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT OF THE UNITED STATES;

THE PETITIONER HEREIN, NOT ONLY INCLUDES THE FOREGOING ARGUEMENT BUT INCLUDES ILLEGAL SENTENCE AND INNOCENT OF PUNISHMENT ASSESSED - HALEY V COCKRELL 306 F3d 257 (5TH CIR 2002); SAWYER US WHITLEY 112 SCT 2514, EX PARTE RICH 194 SW3d 508 (TCA-2006) EX PARTE FELTON 815 SW 733 (TCA-1991); EX PARTE WELCH 981 SW2d883 (TCA-1998); THOUGH THIS ISSUE NOT FULLY ADDRESSED TO THE 6TH COURT OF APPEALS OF TEXAS MAY BE RAISED AT ANY TIME.

(d) AS IN THE INSTANCE OF THE ISSUE PRESENTED TO THE 6TH COURT OF APPEAL, TEXAS, PURSUANT TO THE FOREGOING = (d) WHETHER A COURT OF APPEALS HAS DECLARED A STATUE, RULE, REGULATION OR ORDINANCE, UNCONSTITUTIONAL OR APPEARS TO HAVE MISCONSTRUED A STATUE, RULE, OR REGULATION, OR ORDINANCE

(e) WHETHER A COURT OF APPEALS HAS SO FAR DEPARTED FROM THE ACCEPTED AND USUAL COURSE OF JUDICIAL PROCEEDINGS, OR SO FOR SANCTIONED SUCH A DEPARTURE BY A LOWER COURT, AS TO CALL FOR AN EXERCISE OF THE COURT OF CRIMINAL APPEALS' POWER OF SUPERVISION,

THE PETITIONER CITES 3 NOTES OF INTEREST HERE
    A. ACTUAL INNOCENCE OF PUNISHMENT
    B. THE DISPUTED RULING OF THE 6TH COURT OF APPEALS, TEXAS AFFIRMING THAT PETITIONER FAILED TO OBJECT/FILE MOTION FOR NEW TRIAL ON PUNISHMENT HEARING
    C. THE "PRESUMED" OPINION THAT PETITIONER OPTED NOT TO FILE FOR NEW TRIAL, IN THIS INSTANCE, IS ERRONEOUS AS REVOKATION HEARING COUNSEL STATED HE WAS NOT PREPARED BUT COURT PROCEEDED, AND MAY HAVE "PRESUMED" HE WAS NOT RESPONSIBLE FOR APPEAL/NEW TRIAL ISSUES; AND APPELLATE COUNSEL COULD NOT GET THE RECORDS AS UNPREPARED IS A "PRESUMPTION" OR HE WOULD HAVE FILED A MOTION FOR NEW TRIAL WIT ACTUAL INNOCENCE" AS A GROUND, THE 6TH COURT OF APPEALS, TEXAS, IF PRESUMPTION IS ALLOWABLE, HAS BEEN REBUTTED TO A REASONABLE DOUBT, AND WITHOUT MORE, CLEAR AND COMMONLY TO THAT REASONABLE DOUBT.
                                                    FROM REVOCATION TO P.D.R.
        THE RESULTS OF ALL HEREIN IN TOTALITY QUALIFY THE PETITIONER FOR NEW TRIAL AND/OR PUNISHMENT HEARING PURSUANT AND CONSISTANT TO TEX R. App. Pro 21.1 DEFINITION. NEW TRIAL (EMPHASIS) MEANS THE REHEARING OF A CRIMINAL ACTION AFTER THE TRIAL COURT HAS, ON THE

9.

DEFENDANT'S MOTION, SET ASIDE IN FINDING OR VERDICT OF GUILT. (NOT GUILTY OR PUNISHMENT ASSESSED)

21.2 - WHEN MOTION FOR NEW TRIAL REQUIRED. A MOTION FOR A NEW TRIAL IS A PREREQUISITE TO PRESENTING A POINT OF ERROR ON APPEAL ONLY WHEN NECESSARY TO ADDUCE FACTS NOT IN THE RECORD.

21.3 GROUNDS - THE DEFENDANT MUST BE GRANTED A NEW TRIAL FOR ANY OF THE FOLLOWING REASONS: (a) EXCEPT IN A MISDEMEANOR CASE IN WHICH THE DEFENDANT HAS BEEN UNLAWFULLY TRIED IN ABSENTIA OR HAS BEEN DENIED COUNSEL; ( IN PETITIONERS CASE HE WAS EFFECTIVELY DENIED REVOKATION HEARING COUNSEL AS- UNPREPARED, AND APPELLATE COUNSEL AS STATED BY APPELLATE COUNSEL AT PAGE 10 OF APPELLANT BRIEF - RECORDS UNAVAILABLE)

(b) WHEN THE COURT HAS MISDIRECTED THE JURY ABOUT THE LAW OR HAS COMMITTED SOME OTHER MATERIAL ERROR LIKELY TO INJURE THE DEFENDANT'S RIGHTS; ( THE REVOKATION COURT NOT ALLOWING COUNSEL OF CHOICE, PROCEEDING WHEN THAT COUNSEL ASKED ORALLY AND WRITTEN MOTION TO BE RELIEVED FROM CASE BEFORE HEARING AND UNANNOUNCING UNPREPARED BUT COURT DENIED CHOICE OF COUNSEL; AND TO PROCEED.

(e) WHEN A MATERIAL DEFENSE WITNESS HAS BEEN KEPT FROM COURT BY FORCE, THREATS, OR FRAUD, OR WHEN EVIDENCE TENDING TO ESTABLISH THE DEFENDANTS INNOCENCE HAS BEEN INTENTIONALLY (OR OTHERWISE) DESTROYED OR WITHELD, THUS PREVENTING ITS PRODUCTION AT TRIAL - (PETITIONERS REBUTTAL TO SENTENCE THAT HIS 2-20 YEAR AND 5 YEAR PROBATIONS SHOULD HAVE BEEN A CONCURRENT 20 YEAR SENTENCE WITH TESTIMONY AND RECORDS OF MAY 9, 2011 GUILTY PLEA SENTENCING, CITING MARTIN US TEXAS 143 SW3d 412 (TA AUSTIN 2004) (g) WHEN THE JURY (OR JUDGE) HAS ENGAGED IN SUCH MISCONDUCT THAT THE DEFENDANT DID NOT RECIEVE A FAIR AND IMPARTIAL TRIAL (AS EXPLAINED IN FOREGOING) (h) WHEN THE VERDICT IS <u>CONTRARY TO LAW AND EVIDENCE</u>.

TEX R. APP PRO RULE 22. ARREST OF JUDGEMENT IN CRIMINAL CASES - 22.1 DEFINITION. MOTION IN ARREST OF JUDGEMENT (EMPHASIS) MEANS A DEFENDANTS ORAL OR WRITTEN SUGGESTION THAT FOR REASONS STATED IN THE MOTION, THE JUDGEMENT RENDERED AGAINST THE DEFENDANT WAS CONTRARY TO LAW. SUCH A MOTION IS MADE IN THE TRIAL COURT; 22.2 GROUNDS. THE MOTION MAY BE BASED ON ANY OF THE

10

FOLLOWING REASONS = (C) THAT THE JUDGEMENT IS INVALID FOR SOME OTHER REASON (AN ILLEGAL MODIFICATION OF PLEA NEGOTIATED SENTENCE FROM 2-10 YEAR AND 1-5 YEAR SENTENCE TO RUN CONCURRENT ON MAY 9, 2000 TO 2-20 YEAR SENTENCES AND A 2 YEAR SENTENCE TO RUN CONSECUTIVELY UPON REVOKATION / ADJUDICATION OF DEFFERRED AND SUSPENDED ORIGINAL SENTENCE ON APRIL 04, 2014 - SEE MARTIN US TEXAS 143 SW3d 412 (TEX CRIM 2004))

TEX R APP PRO RULE 33.2 FORMAL BILL OF EXCEPTION. TO COMPLAIN ON APPEAL ABOUT A MATTER THAT WOULD OTHERWISE APPEAR IN THE RECORD, A PARTY MUST FILE A FORMAL BILL OF EXCEPTION. (a) FORM. NO PARTICULAR FORM OF WORDS IS REQUIRED IN A BILL OF EXCEPTION. BUT THE OBJECTION TO THE COURT'S RULING OR ACTION, AND THE RULING COMPLAINED OF, MUST BE STATED WITH SUFFICIEN SPECIFICITY TO MAKE THE TRIAL COURT AWARE OF THE COMPLAINT (b) EVIDENCE, WHEN THE APPELLATE RECORD CONTAINS THE EVIDENCE NEEDED TO EXPLAIN A BILL OF EXCEPTION, THE BILL ITSELF NEED NOT REPEAT THE EVIDENCE, AND A PARTY MAY ATTACH AND INCORPORATE A TRANSCRIPTION OF THE EVIDENCE by THE COURT REPORTER

TEX R. APP PRO 34. APPELLATE RECORD - 34.1 CONTENTS. THE APPELLATE RECORD CONSIST OF THE CLERK'S RECORD AND, IF NECESSARY TO THE APPEAL, THE REPORTER'S RECORD. EVEN IF MORE THAN ONE NOTICE OF APPEAL IS FILED, THERE SHOULD BE ONLY ONE APPELLATE RECORD IN A CASE. 34.2 AGREED RECORD. BY WRITTEN STATEMENT STIPULATION FILED WITH THE TRIAL COURT CLERK, THE PARTYS MAY AGREE ON THE CONTENTS OF THE APPELLATE RECORD. AN AGREED RECORD WILL BE PRESUMED TO CONTAIN ALL EVIDENCE AND FILINGS TO THE APPEAL. TO REQUEST MATTER TO BE INCLUDED IN THE AGREED RECORD, THE PARTYS MUST COMPLY WITH THE PROCEDURES IN RULES 34.5 AND 34.6 ; 34.5 CLERK'S RECORD - THE PETITIONER REQUEST (C) SUPPLIMENTATION OF THE APPELLATE RECORD - (1), (2) by ORDERS

11.

FROM THE COURT OF CRIMINAL APPEALS OF TEXAS TO THE PLEA OF GUILTY COURT TO FORWARD UNDER 34-5 (2)" IN CASES IN WHICH A PLEA OF GUILTY OR NOLO CONTENDERE HAS BEEN ENTERED, ANY DOCUMENTS EXECUTED FOR THE PLEA; (5) THE COURTS JUDGEMENT OR ORDER THAT IS BEING APPEALED (OR IN CONTROVERSARY) (6) ANY POST JUDGEMENT MOTION, AND THE COURTS ORDER ON THE MOTION, IN SHORT PETITIONER SEEKS TO SUPPLEMENT THE APPELLATE RECORD WITH ANY SENTENCING PAPERS FROM THE PLEA OF GUILTY TRIAL ON MAY 9, 2011 DETAILING THE 2-10 YEAR DEFERRED ADJUDICATION PROBATIONS FOR INDECENCY AND THE 2 YEAR SUSPENDED TO 5 YEAR SUPERVISION SENTENCE RECORD OF CONCURRENCY, AND PURSUANT TO 34.6 REPORTERS RECORD (d) SUPPLEMENTATION. ON ORDERS FROM APPELLATE COURT --- AS ABOVE. THE PETITIONER REQUEST THE REPORTERS RECORD OF HIS SENTENCING IN PLEA OF GUILT TRIAL ON MAY 9, 2011

PETITIONER ALSO REQUEST CLERKS COPY OF REVOKATIONS HEARING ATTORNEY'S WRITTEN MOTION TO LEAVE CASE AND ORAL REQUEST OF APRIL 14, 2014 OF SUCH WITH COPYS FORWARD TO HIM FOR AGREEMENT AND PURPOSES, AND TO COURT OF CRIMINAL APPEAL, TEXAS, TO REGARD THIS AS A BILL OF EXCEPTION.

TEX R. APP PRO 44-2 (a) CONSTITUTIONAL ERROR = PETITIONER SHOWED HE ASKED FOR COUNCEL OF CHOICE - A REVERSIBLE ERROR, COUNSEL AT REVOKATION ASKED TO BE RELIEVED BEFORE COMMENCEMENT ORALLY AND BY WRITTEN MOTION AS UNPREPARED - A REASONABLE DOUBT FOR NOT OBJECTING, REQUESTING CONTINUANCE PUNISHMENT OR NEW TRIAL MOTION; THE 6th COURT OF APPEALS DID NOT ALLOW OR RECOMMEND OUT OF TIME MOTION FOR NEW TRIAL - 44.3; 44-4 (a) (1)-(LATE RECORDS ON APPEAL (2) (b)

PRAYER
ULTIMETALEY, THE PETITIONER PRAYS THE TEXAS COURT OF CRIMINAL APPEALS OF TEXAS WILL, ON ITS OWN INITIATIVE AND TIMELY, ISSUE ORDERS TO THE LOWER COURTS AND THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AND TEXAS BOARD OF PARDONS AND PAROLES TO AMEND PETITIONERS SENTENCE PURSUANT TO TEX R. APP PRO RULE 23.1, 23.2 (a) (b) TO SHOW PETITIONER SERVING 2-20 YEAR SENTENCES FOR INDECENCY WITH CHILD AND THE TWO YEAR

12

SENTENCE FOR BURGLARY, TO RUN CONCURRENT AS ORIGINALLY PLEA BARGAINED FOR IN ORIGINAL PLEA OF GUILTY TRIAL AND SENTENCING ON MAY 9, 2011, BASED ON MARTIN US TEXAS 143 SW3d 412 (TCA-AUSTIN 2004),

2, AND/OR ALLOW AN OUT OF TIME MOTION FOR NEW TRIAL AND/OR APPELLATE REVIEW AS CONSIDERED IN OLDHAM US TEXAS 977 SW2d 354 (TCA-1998), OR EX PARTE AXEL 757 SW2d 369 (TCA-1988) - OUT OF TIME APPEAL GRANTED BASED ON ATTORNEY'S FAILURE TO FILE; EX PARTE JARRET 891 SW2d 935 (TCA-1994) - OUT OF TIME PETITION FOR DISCRETIONARY REVIEW GRANTED BASED ON ATTORNEY'S FAILURE TO ADVISE DEFENDANT OF HIS RIGHT TO FILE PRO SE P.D.R.

3. OR, ALLOW PETITIONER OUT-OF-TIME APPEAL ON ORIGINAL PLEA TRIAL COURT OF MAY 9, 2011 BASED ON UNKNOWING AND INVOLUNTARY PLEA OF GUILT / INEFFECTIVE ASSISTANCE OF COUNSEL, OR DISMISS THE PLEA AND NEW TRIAL.

4. OR REMAND TO LOWER COURTS FOR PROCEEDINGS CONSISTANT AND PURSUANT TO THE FOREGOING.

THE PETITIONER'S PRAYER IS PURSUANT AND CONSISTANT WITH TEX R. APP PRO RULE 43.2 TYPES OF JUDGEMENT (b) MODIFY THE TRIAL COURTS JUDGEMENT, AND AFFIRM IT AS MODIFIED; (c) REVERSE THE TRIAL COURTS JUDGEMENT ~~AND~~ ~~REVERSE~~ IN WHOLE OR IN PART AND RENDER THE JUDGEMENT ~~AND~~ ~~REMAND~~ THAT THE TRIAL COURT SHOULD HAVE RENDERED; (d) REVERSE THE TRIAL COURT'S JUDGEMENT AND REMAND THE CASE FOR FURTHER PROCEEDINGS, (e) VACATE THE TRIAL COURT'S JUDGEMENT AND DISMISS THE CASE; AND/OR 43.3 RENDITION APPROPRIATE UNLESS REMAND NECESSARY. WHEN REVERSING A TRIAL COURT'S JUDGEMENT THE COURT MUST RENDER THE JUDGEMENT THAT THE TRIAL COURT SHOULD HAVE RENDERED, EXCEPT WHEN (a) A REMAND IS NECESSARY FOR FURTHER PROCEEDINGS; OR (b) THE INTEREST OF JUSTICE REQUIRE A REMAND FOR ANOTHER TRIAL.

5. COURT'S FACTS AND CONCLUSIONS REQUESTED

RESPECTIVELY SUBMITTED

Robert Shane Kinslow, pro se
TDCJ# 1923349, Michael Uni
2664 FM 2054, Tennessee Colony, TX
75886

13.

## CERTIFICATE OF SERVICE

ON THIS ___ DAY OF MARCH, 2015 THIS 14 PAGE (22 SHEETS OF PAPER) PETITION FOR DISCRETIONARY REVIEW, PAGE MOTION FOR OUT OF TIME NEW TRIAL CSI OR PUNISHMENT SENTENCING HEARING, 2 PAGE INABILITY TO PAY COSTS, 6-MONTH INMATE TRUST FUND PRINT OUT, AND 1 PAGE LETTER TO COURT CLERK, WAS HANDED TO PRISON AUTHORITYS FOR DELIVERY TO THE U.S. MAIL SERVICE AS THE DATE MAIL/FILED SHOULD BE A REFLECTED ON INMATE TRUST FUND AND NOT POST-MARK AS UPON OBTAINING TRUST FUND PRINT OUT FROM LAW LIBRARY AUTHORITYS, IT IS DATED THAT DAY, AND MUST BE PLACED IN ENVELOPE AND HANDED TO PRISON AUTHORITYS - PRE ADDRESSED, THEN AND THERE FOR DELIVERY TO U.S. MAIL FOR DELIVERY TO COURT - 6TH COURT OF APPEALS, TEXAS

THE ABOVE ALSO APPLYS TO THE STATE PROSECUTING ATTORNEY, EXCEPT FOR INMATE TRUST PRINT OUT. ONLY 1 ISSUED FOR COURT. THE STATE PROSECUTOR AT P.O. BOX 12405, AUSTIN, TEXAS 78711. WITH THE ABOVE AMENDMENT ON MAILING INCLUDED, TEX R. APP PRO RULE 9.2 (a) (1) (2), (b) (1) (A) (B) (C), (2) (A) (B) (C) AND 4.1 (a) (b)

## UNSWORN DECLARATION

" MY NAME IS ROBERT SHAYNE KINSLOW AND MY DATE OF BIRTH IS 11-22-69 AND I AM PRESENTLY INCARCERATED IN THE MICHAEL PRISON UNIT OF TEXAS DEPARTMENT OF CRIMINAL JUSTICE (TDCJ) - INSTITUTIONAL DIVISION AND MY IDENTIFICATION NUMBER IS 1923349 AS I AM LOCATED AT TENNESSEE COLONY, ANDERSON COUNTY, TEXAS 75886 AND UNDER PENALTY OF PERJURY DECLARE THE FOREGOING TRUE AND CORRECT. I AM COMPETENT TO TESTIFY AT THIS TIME " EXECUTED THIS 9 DAY OF MARCH, 2015      RESPECTFULLY SUBMITTED

ROBERT SHANE KINSLOW, PRO SE
TDCJ 1923349 MICHAEL UNIT,
2664 FM 2054, TENNESSEE COLONY TX
75886

IN THE COURT OF CRIMINAL APPEALS, TEXAS
PETITION FOR DISCRETIONARY REVIEW _____

ROBERT SHANE KINSLOW,
MOVANT, PRO SE

US

TEXAS

FROM THE 6TH COURT OF APPEALS
TEXAS NO'S: 06-14-00083-CR, 06-14-00084 CR; 06-14-00085 CR
TRIAL COURT: 6TH DISTRICT COURT OF TEXAS
NO'S: CR01648, CR01649; CR01722

MOTION FOR OUT OF TIME NEW TRIAL (S) MOTIONS
OR PUNISHMENT HEARING

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF
CRIMINAL APPEALS.

NOW COMES THE MOVANT ROBERT SHANE KINSLOW, PROSE
ALSO THE PETITIONER IN ABOVE CAUSE, OR THE APPELLANT
AND /OR DEFENDANT IN ABOVE CAUSES, PURSUANT TO THE
FACTS OF HIS PETITION FOR DISCRETIONARY REVIEW
PRAYS THE COURT REMAND THE MOVANT FOR NEW TRIALS
IN THE TRIAL COURT AND CASES ABOVE BASED ON AN
UNKNOWING AND INVOLUNTARY PLEAS OF GUILTY /
INEFFECTIVE ASSISTANCE OF COUNSEL, OR NEW PUNISHMENT
HEARING / SENTENCING IN TRIAL COURTS REVOKATION OF
DEFERRED PROBATIONS.

RESPECTFULLY SUBMITTED
Robert Shayne Kinslow
ROBERT SHANE KINSLOW PROSE
TDCJ # 1923349, MICHAEL
UNIT, 2664 FM 2054,
TENNESSEE COLONY, TEXAS
75886

ON THIS ___ DAY OF MARCH, 2015 THIS 1 PAGE MOTION WAS
HANDED TO PRISON AUTHORITIES FOR MAIL / FILING WITH THE
6TH COURT OF APPEALS, TEXAS AND THE STATE PROSECUTING ATTORNEY.

"MY NAME IS ROBERT SHAYNE KINSLOW AND MY DATE OF BIRTH IS _____
_____ AND I AM CURRENTLY INCARCERATED IN MICHAEL PRISON UNIT OF
TEXAS DEPT OF CRIM JUSTICE - INSTITUTIONAL DIVISION. MY IDENTIFICATION
NUMBER IS 1923349-PRESENTLY AT TENNESSEE COLONY, ANDERSON COUNTY, TEXAS
75886 AND I DECLARE THE FOREGOING IS TRUE AND CORRECT" RESPECTFULLY SUBMITTED
PAGE 1 OF 1                                     Robert Shayne Kinslow Prose

PETITION FOR DISCRETIONARY REVIEW NO: _____

ROBERT SHAYNE KINSLOW,
PETITIONER, PRO SE

VS TEXAS

IN THE TEXAS COURT OF CRIMINAL APPEALS, TEXAS FROM THE 6th COURT·OF APPEALS, TEXAS CASE NO: 06-14-00083-CR; 06-14-00084-CR; 06-14-00085 CR
TRIAL COURT = 6th DISTRICT COURT, TEXAS CAUSE NOS = CR01648; CR01649; CR01722

PETITIONER'S DECLARATION OF INABILITY TO PAY COST

NOW COMES PETITIONER ROBERT SHAYNE KINSLOW, PRO SE TDCJ#1923349 AND DECLARES THAT I AM UNABLE TO PAY THE COST OF COURT IN THIS ACTION AND REQUEST LEAVE OF THE COURT TO PROCEED IN FORMA PAUPERIS AND WOULD SHOW THE COURT THE FOLLOWING:

(1) I AM PRESENTLY INCARCERATED IN THE MICHAEL UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION WHERE I AM NOT PERMITTED TO EARN OR HANDLE MONEY.

(2) I HAVE NO SOURCE OF INCOME OR SPOUSAL INCOME.

(3) I CURRENTLY HAVE $0.00 CREDITED TO ME IN THE INMATE TRUST FUND.

(4) DURING MY INCARCERATION IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION I HAVE RECIEVED APPROXIMATELY $100.00 PER MONTH AS GIFTS FROM RELATIVES AND FRIENDS.

(5) I (HAVE, HAVE NO) PROPERTY, STOCKS, BONDS, BANK ACCOUNT, INTEREST, DIVIDEND INCOME FROM ANY SOURCE = NO MONEY
SPECIFY

(6) I HAVE 0 DEPENDENT

(7) I HAVE TOTAL DEBTS OF APPROXIMATELY 2000.00

8. I OWE 2000.00 AS RESTITUTION AND FINES

9. MY MONTHLY EXPENSES ARE APPROXIMATELY 100.00

CERTIFICATE OF SERVICE

ON THIS 9 DAY OF MARCH, 2015 THIS PAGE "PETITIONER'S DECLARATION OF INABILITY TO PAY COST WAS HANDED TO PRISON AUTHORITYS WITH AL INMATE TRUST FUND PRINT OUT ISSUED FOR COURT ONLY ~~WAS~~ FOR MAILING TO THE 6th COURT OF APPEALS, TEXAS WITH COPY OF THIS "DECLARATION" TO THE STATE PROSECUTING ATTORNEY AT P O BOX 12405, AUSTIN, TEXAS 78711 AS PETITIONER

PAGE 1 OF 2

DOES REQUEST COURT CLERK SERVICE ALL HEREIN.

UN SWORN DECLARATION

" MY NAME IS ROBERT SHAYNE KINSLOW. AND MY BIRTH DATE IS 4-22-69 , AND I AM PRESENTLY INCARCERATED AT THE MICHAELS PRISON UNIT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE (TDCJ) - INSTITUTIONAL DIVISION AND MY IDENTIFICATION NUMBER IS 1923349 AS I AM LOCATED AT TENNESSEE COLONY, TEXAS 75886 IN ANDERSON COUNTY, AND I DECLARE UNDER PENALTY OF PERJURY THAT THE FORE GOING IS TRUE AND CORRECT AND I AM COMPETENT TO TESTIFY AT THIS TIME." EXECUTED ON THIS _9_ DAY OF MARCH, 2015

RESPECTFULLY SUBMITTED
*Robert Shayne Kinslow*
ROBERT SHAYNE KINSLOW
PRO SE, TDCJ # 1923349
MICHAEL UNIT, 2664 FM 2054
TENNESSEE COLONY, TEXAS
75886



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-14-00083-CR

_____


### ROBERT SHAYNE KINSLOW, Appellant

### V.

### THE STATE OF TEXAS, Appellee


On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR01648



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Robert Shayne Kinslow's guilt has been adjudicated on two counts of indecency with a child, and his community supervision has been revoked on a burglary conviction.[1] At the late 2013 hearing accomplishing the above, the trial court sentenced Kinslow to two consecutive twenty-year terms on the indecency counts and a two-year term for the burglary. On appeal, Kinslow complains that the trial court wrongly failed to conduct a sentencing hearing after adjudicating him guilty and wrongly assessed attorney fees against him.

We modify the judgment of the trial court to remove attorney fees and affirm it as modified, because (1) Kinslow failed to preserve his complaint about his sentencing and (2) the indigent Kinslow should not have been assessed attorney fees.

*(1)    Kinslow Failed to Preserve His Complaint About His Sentencing*

Kinslow argues that the trial court erred in failing to conduct a sentencing hearing after adjudicating him guilty on the two counts of indecency with a child.

In support of his argument, he cites *Issa v. State*, where Issa was adjudicated guilty of theft and then immediately sentenced to ten years' confinement. *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992). Issa appealed, arguing that the trial court erred by failing to conduct a sentencing hearing after it adjudicated his guilt. *Id.* at 160. The court of appeals held that, because Issa did not object during the hearing, he failed to preserve the issue for its review. *Id.* However, the Texas Court of Criminal Appeals reversed the court of appeals' decision, finding that Issa preserved the issue by raising it in a timely motion for new trial. *Id.* at 161.

---

[1]In May 2011, in Red River County, Texas, Kinslow had been placed on deferred adjudication community supervision for two charges of indecency with a child and, on the same day, convicted of one charge of burglary.

2

Here, Kinslow failed to object during the hearing and also failed to file a motion for new trial.[2] Therefore, Kinslow failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1; *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Borders v. State*, 846 S.W.2d 834, 836 (Tex. Crim. App. 1992).

*(2)    The Indigent Kinslow Should Not Have Been Assessed Attorney Fees*

In its judgment, the trial court assessed court costs and attorney fees of $2,250.25 against Kinslow. The record indicates that $1,181.25 of those costs and fees are attributable to the costs of Kinslow's court-appointed trial counsel. Kinslow contends that, because he was indigent, the trial court erred in assessing attorney fees against him. We agree.

A claim of insufficient evidence to support court costs and court-appointed attorney fees is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

A trial court may order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556). Court-

---

[2]Kinslow acknowledges that he failed to file a motion for new trial. He contends, however, that he had no opportunity to file a motion because he was adjudicated guilty and his appellate counsel was appointed April 14, 2014, yet the reporter's record in this case was not filed until July 1, 2014, two weeks after the deadline to file a motion for new trial. Absent a record showing otherwise, we must apply the presumption that "the reason that a motion for new trial was not filed was because the appellant considered filing but opted not to file it." *Benson v. State*, 224 S.W.3d 485, 490 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998)).

appointed attorney fees cannot be assessed against an indigent person unless there is proof and a finding that he or she is no longer indigent. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *Mayer*, 309 S.W.3d at 556–57.

It is undisputed that, before trial, the court determined that Kinslow was indigent and appointed trial counsel to represent him. The State contends, however, that, by assessing the attorney fees against Kinslow, the trial court made an implied finding that he was no longer indigent. There was testimony during the hearing that Kinslow had paid the required fees and costs of his community supervision for at least one of the three cases at issue, including court costs of $303.00 as well as the $50.00 Crime Stopper fee. The State argues that the testimony is sufficient evidence to support the court's implied finding.

The State's implied-finding argument overlooks the trial court's explicit finding that, at the time of the adjudication, revocation, and sentencing, Kinslow was "too poor to employ counsel for his Appeals" and, therefore, "the Honorable Don Biard, a practicing attorney at this bar" was "appointed to represent [Kinslow] in said Appeals." The assessment of attorney fees was erroneous and must be removed. *Cates*, 402 S.W.3d at 252; *see Mayer*, 309 S.W.3d 552; *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

We modify the trial court's judgment by deleting from it the sum of $1,181.25, the attorney fees component of the assessment. We affirm the judgment, as so modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:    November 17, 2014
Date Decided:    December 19, 2014

Do Not Publish



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-14-00084-CR

_____


ROBERT SHAYNE KINSLOW, Appellant

V.

THE STATE OF TEXAS, Appellee

___

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR01649


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

In May 2011, in Red River County, Texas, Robert Shayne Kinslow was placed on deferred adjudication community supervision for two charges of indecency with a child. On the same day, Kinslow was convicted of one charge of burglary and sentenced to two years' confinement, but that sentence was suspended, and he was placed on community supervision for a period of five years.

In November 2013, the State moved to adjudicate guilt and revoke Kinslow's community supervision. After a hearing, the trial court adjudicated Kinslow guilty of the two counts of indecency with a child, sentencing him to two consecutive twenty-year terms, and revoked his community supervision on his burglary conviction, sentencing him to two years' confinement. In this case, Kinslow appeals the adjudication of guilt regarding one count of indecency with a child. He has appealed from the adjudication of guilt on the other indecency charge under our cause number 06-14-00083-CR and from the revocation of his community supervision on the burglary conviction under our cause number 06-14-00085-CR.

Kinslow has filed a single brief, in which he raises issues common to all of his appeals. He contends that the trial court erred: (1) by failing to conduct a sentencing hearing after adjudicating him guilty and (2) by assessing attorney fees against him.

We addressed these issues in detail in our opinion of this date in Kinslow's appeal in cause number 06-14-00083-CR. For the reasons stated therein, we likewise conclude that the judgment in this case should be modified to delete the award of attorney fees and affirmed, as modified.

Bailey C. Moseley
Justice

Date Submitted:     November 17, 2014
Date Decided:       December 19, 2014

Do Not Publish

3



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00085-CR

ROBERT SHAYNE KINSLOW, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR01722

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

In May 2011, in Red River County, Texas, Robert Shayne Kinslow was placed on deferred adjudication community supervision for two charges of indecency with a child. On the same day, Kinslow was convicted of one charge of burglary and sentenced to two years' confinement, but that sentence was suspended, and he was placed on community supervision for a period of five years.

In November 2013, the State moved to adjudicate guilt and revoke Kinslow's community supervision. After a hearing, the trial court adjudicated Kinslow guilty of the two counts of indecency with a child, sentencing him to two consecutive twenty-year terms, and revoked his community supervision on his burglary conviction, sentencing him to two years' confinement. In this case, Kinslow appeals the trial court's revocation of community supervision on his burglary conviction. He has also appealed from the trial court's adjudication of guilt on the two indecency charges under our cause numbers 06-14-00083-CR and 06-14-00084-CR.

Kinslow has filed a single brief in which he raises issues common to all of his appeals. He contends that the trial court erred: (1) by failing to conduct a sentencing hearing after adjudicating him guilty and (2) by assessing attorney fees against him.

2

We addressed these issues in detail in our opinion of this date in Kinslow's appeal in cause number 06-14-00083-CR. For the reasons stated therein, we likewise conclude that the judgment in this case should be modified to delete the award of attorney fees and affirmed, as modified.

Jack Carter
Justice

Date Submitted:     November 17, 2014
Date Decided:       December 19, 2014

Do Not Publish

3